Miguel Vera, demandante y apelante, *v.* Manuel Santiago y Ramón Portalatín, demandados y apelados.

Núm. 8111.—*Sometido:* Marzo 7, 1940. *Resuelto:* Noviembre 14, 1940.

*Agustín E. Font,* abogado del apelante; *Fernando Zapater,* abogado de los apelados.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

La opinión de la corte inferior contiene una relación de los hechos que el juez sentenciador declaró probados. No se ha elevado en debida forma la exposición del caso, pliego de excepciones o transcripción de evidencia. La prueba no

ha sido debidamente incorporada a los autos. El alegato de los apelantes expone los hechos y la parte apelada en su alegato acepta tales hechos como ciertos, mas tomando en consideración las circunstancias del caso, este tribunal no puede decidir el recurso por ser los autos incompletos y por no estar los hechos debidamente ante nos.

El caso gira principalmente sobre los hechos. La cosa principal, la venta, fué cuestión de prueba.

El caso no podría ser revocado sin tener ante nos el correspondiente pliego de excepciones, exposición del caso o transcripción de evidencia. La apelación debe en su consecuencia desestimarse y la sentencia confirmarse.

■ También podría decirse que la mayoría de la corte de entrar a resolver el recurso en sus méritos estaría dispuesta a decidir que cuando una persona adquiere bienes en una subasta efectuada para el pago de contribuciones, su derecho a instituir una acción de desahucio no surge hasta después de transcurrido el término para redimir la propiedad. El artículo 347 del Código Político dispone:

"El colector preparará, firmará, y entregará al comprador de cualesquiera bienes inmuebles vendidos por falta de pago de contribuciones, un certificado de compra, el cual contendrá el nombre y residencia de dicho comprador, la fecha de la venta de dichos bienes inmuebles, la cantidad por la cual han sido vendidos, una constancia de que dicha cantidad ha sido satisfecha por el comprador, la cantidad de contribuciones, multas y costas, y la descripción de los bienes que se requiere por el artículo 340 de este título, y el folio y tomo del registro de la propiedad en que la finca vendida esté inscrita, en caso de que lo haya sido.

"Si el derecho de redención que más adelante se dispone no se ejerciere dentro del tiempo prescrito, dicho certificado, una vez inscrito en el registro de la propiedad del distrito donde radique dicha propiedad, constituirá título absoluto de dicha propiedad a favor de dicho comprador, libre de toda hipoteca, carga o cualquier otro gravamen. Dicho certificado será evidencia prima facie de los hechos relatados en el mismo en cualquier controversia, procedimiento o pleito, que envuelva o concierna a los derechos del comprador, sus

herederos o cesionarios, a la propiedad traspasada en virtud del mismo; y el comprador, sus herederos o cesionarios, pueden, al recibo de dicho certificado, hacer que sea debidamente inscrito por el registrador de la propiedad del distrito en que radicare dicha propiedad, mediante el pago de dos dólares como honorarios.''

El infrascrito, sin embargo, tiene una duda. Le parece que se puede dar otra interpretación al artículo 347 supra. Empero, cree definitivamente que *la sentencia debe ser confirmada por falta de una transcripción suficiente.*